**E-Filed 5/14/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE RAMBUS, INC. SECURITIES LITIGATION<br><br>This document relates to all actions. | Case Number C 06-4346 JF (HRL)<br><br>ORDER[1] DENYING PLAINTIFFS' MOTION TO LIFT THE PSLRA DISCOVERY STAY<br><br>[re doc. no. 88] |

In this securities fraud case, Plaintiffs move to lift the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA"). The Court has considered the briefing of the parties as well as the oral arguments presented at the hearing on May 2, 2007. For the reasons discussed below, the motion will be denied.

**I. DISCUSSION**

Plaintiffs move to lift the PSLRA discovery stay to conduct "particularized discovery," which they define as follows:

---

[1] This disposition is not designated for publication and may not be cited.

  a. The Audit Committee Report referenced in the Oct. 19, 2006, press release, attached hereto as Exh. A to Longman Declaration, and any documents appended to that report, or referenced therein;
  b. Documents sufficient to identify which persons approved and received the grants of options that were backdated;
  c. All documents that have been, or are identified to be, produced to any governmental investigatory body, and/or self-regulatory organization relating to the backdating of options;
  d. All documents the SLC reviewed in order to draft the SLC report; and
  e. The report of the SLC when it becomes available.

Plaintiffs' motion at p. 8.

  In essence, Plaintiffs assert that while they have drafted a complaint making out viable claims for securities fraud arising from the backdating of stock options, Plaintiffs do not know exactly who authorized the backdating. Plaintiffs want the requested discovery so that they can allege claims against the wrongdoers before the statute of limitations expires. Claims brought under the Securities and Exchange Act of 1934 must be brought "not later than the earlier of" (1) two years after the discovery of the facts constituting the violation or (2) five years after such violation. 28 U.S.C. § 1658(b). It appears to be an open question in this circuit whether equitable tolling applies to the five-year period. At least some courts in other jurisdictions have held that equitable tolling does not apply. *See, e.g.*, *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 426 and n.16 (S.D.N.Y. 2003).

  Even assuming that the five-year limitations period is absolute, this Court concludes that Plaintiffs have not demonstrated a basis for lifting the discovery stay. As an initial matter, Plaintiffs' list of requested discovery materials is not in fact "particularized," especially item b. Moreover, even the arguably particularized items, such as a copy of the Audit Report, fall outside the narrow exceptions to the discovery stay. The relevant statute, 15 U.S.C. § 78u-4(b)(3)(B), reads as follows:

  (B) Stay of discovery

  In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

Plaintiffs argue that lifting the stay is warranted under both the "preserve evidence" and "undue

prejudice" prongs of the statute. With respect to the "preserve evidence" prong, Plaintiffs do not point to any evidence or indication of spoliation in this case, but rather quote decisions describing Rambus' alleged spoliation of evidence seven or more years ago in other cases. *See Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 439 F. Supp. 2d 524, 560 (E.D. Va. 2006) (discussing Rambus' document destruction in 1998, 1999 and 2000); *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 284 (E.D. Va. 2004) (describing a 1998 "Shred Day"at Rambus). This Court concludes that Rambus' history of destroying documents many years ago in patent infringement cases is insufficient to satisfy the "preserve evidence" prong for lifting the discovery stay in this securities fraud case. Moreover, the only documents that arguably are identified with particularity are documents that would not and as a factual matter could not be destroyed in this litigation – the Audit Committee Report, documents produced to government entities and the SLC Report.

With respect to the "undue prejudice" prong, Plaintiffs appear to be arguing that they will be unduly prejudiced if they cannot discover who the wrongdoers are, and sue them, before the statute of limitations runs. Plaintiffs argue that "[t]here could be no clearer case of 'undue prejudice' to plaintiffs than to be precluded from seeking a recovery from a wrongdoer simply because of that wrongdoer's artful concealment of his role in the fraudulent scheme." Mot. at p. 7. This argument flies directly in the face of Ninth Circuit authority. In *SG Cowen Securities Corp. v. District Court*, 189 F.3d 909, 913 (9th Cir 1999), the court made clear that "as a matter of law, failure to muster facts sufficient to meet the Act's pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff to justify a lift of the discovery stay under § 78u-4(b0(3)(B)." The court went on to explain that "[t]o so hold would contravene the purpose of the Act's heightened pleading standards." *Id*. The court cited one of its earlier decisions, *Medhekar v. District Court*, 99 F.3d 325, 328 (9th Cir. 1996), for the proposition that "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Id*. at 912.

Plaintiffs attempt to distinguish *SG Cowen* and *Medhekar* on the ground that the

1  defendants in those cases were not demonstrated destroyers of evidence. This argument is
2  irrelevant to the undue prejudice prong. Plaintiffs also argue that, unlike the plaintiffs in *SG*
3  *Cowen*, Plaintiffs in the instant case actually have made out viable claims – they argue that they
4  are not engaged in a fishing expedition for evidence to make out such claims, but rather just need
5  to know who to assert their claims against. The Court is not persuaded that this is a meaningful
6  distinction. A fundamental element of any claim is the identity of the wrongdoer. The fact that
7  Plaintiffs are convinced that *somebody* did wrong in this case simply is not sufficient to get over
8  the hurdle of the discovery stay.
9       Plaintiffs cite a number of out-of-circuit district court cases in which the discovery stay
10 was lifted on undue prejudice grounds. In those cases, which include *In re Enron Corp. Sec.*
11 *Litig.*, 2002 WL 31845114 (S.D.Tex. Aug. 16, 2002), and *In re WorldCom, Inc. Sec. Litig.*, 234
12 F. Supp. 2d 301 (S.D.N.Y. 2002), the courts' decisions rested in part on the fact that the
13 defendants already had produced the documents in question in governmental or other private
14 proceedings. The courts in essence held that the securities fraud plaintiffs would be unduly
15 prejudiced if they were the only parties on the playing field without access to the documents.
16 Those cases are not controlling and appear to be contrary to the Ninth Circuit authority discussed
17 above. Moreover, the cases are factually distinguishable. There is no evidence of widespread
18 dissemination of documents to governmental or other entities in this case.
19      Accordingly, Plaintiffs' motion will be denied. This ruling is without prejudice to
20 renewal of Plaintiffs' motion in the event that subsequent production of documents in the
21 derivative action or in other actions arguably disadvantage Plaintiffs in the future.

## II. ORDER

23 Plaintiffs' motion to lift the PSLRA discovery stay is DENIED.

25 DATED: 5/14/07

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

3  Mary E. Alexander     malexander@maryalexanderlaw.com

4  Patrice L. Bishop     service@ssbla.com

5  Timothy J. Burke     service@ssbla.com

6  Justin S. Chang     jchang@shearman.com

7  Douglas John Clark     dclark@wsgr.com

8  Jeffrey S. Facter     jfacter@shearman.com, rcheatham@shearman.com; jae.ko@shearman.com

9  William B. Federman     wfederman@aol.com, law@federmanlaw.com; ngb@federmanlaw.com

10  Boris Feldman     boris.feldman@wsgr.com, ncarvalho@wsgr.com; bhickman@wsgr.com

11  Anthony I. Fenwick     anthony.fenwick@dpw.com, angela.quach@dpw.com; cdoyle@dpw.com

12  Donald P. Gagliardi     dgagliardi@be-law.com, gsimmons@be-law.com

13  Martin N. Gelfand     mgelfand@irell.com

14  Michael M. Goldberg     info@glancylaw.com

15  Gary S. Graifman     ggraifman@kgglaw.com

16  Erin Jane Holland     eholland@wsgr.com,

17  John Charles Hueston     jhueston@irell.com

18  Frank James Johnson     frankj@johnsonbottini.com, brett@johnsonbottini.com, frankb@johnsonbottini.com, emily@johnsonbottini.com

19  Willem F. Jonckheer     wjonckheer@schubert-reed.com

20  Garland Aycuff Kelley     gkelley@irell.com

21  Felix Shih-Young Lee     flee@fenwick.com

22  Howard Theodore Longman     tsvi@aol.com

23  Susan Samuels Muck     smuck@fenwick.com, cgalvin@fenwick.com

24  Juan Carlos Orellana     corellana@fenwick.com, bwalrod@fenwick.com; DocketCalendarRequests@fenwick.com

26  Jay L. Pomerantz     jpomerantz@fenwick.com, slim@fenwick.com

27  Darryl P. Rains     drains@mofo.com, dgillis@mofo.com

28  Patrick David Robbins     probbins@shearman.com, rcheatham@shearman.com

5

Case No. C 06-4346 JF (HRL)
ORDER DENYING PLAINTIFFS' MOTION TO LIFT PSLRA DISCOVERY STAY
(JFLC2)

1  Ignacio E. Salceda    isalceda@wsgr.com, rlustan@wsgr.com

2  David Siegel    dsiegel@irell.com

3  Jay Edward Smith    js@gslaw.org, jlawton@gslaw.org

4  Dennis Stewart    dstewart@hulettharper.com, office@hulettharper.com

5  Cheryl Thomae Viirand    cheryl.viirand@dpw.com, susan.lee@dpw.com

6  Namita Wahi    namita.wahi@dpw.com, ecf.ct.papers@dpw.com

7  Stephanie Laura Zeller    szeller@mofo.com, mbarakah@mofo.com

8  Jill R. Zimmerman    jill.zimmerman@dpw.com, nanci.salyer@dpw.com; angela.quach@dpw.com

9

10  Michael L. Braunstein
    Kantrowitz Goldhamer & Graifman
11  210 Summit Avenue
    Montvale, NJ 07645
12
    James H.R. Windels
13  Davis Polk & Wardwell
    450 Lexington Avenue
14  New York, NY 10017

6

Case No. C 06-4346 JF (HRL)
ORDER DENYING PLAINTIFFS' MOTION TO LIFT PSLRA DISCOVERY STAY
(JFLC2)