*efiled 3/12/08

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RAMBUS INC. SECURITIES LITIGATION | ) MASTER FILE NO.: C-06-4346 JF ) ) **PRELIMINARY APPROVAL ORDER** ) ) |
| This Document Relates To:     All Actions | ) ) ) ) |

    Lead Plaintiff, Ronald L. Schwarcz ("Lead Plaintiff"), on behalf of himself and each of the proposed Class Members, and Defendants Rambus Inc., Harold Hughes, Mark Horowitz, P. Michael Farmwald, Kevin Kennedy, William H. Davidow, Bruce Dunlevie, Charles Geschke, John D. Danforth, David Mooring, Geoff Tate, Robert K. Eulau and PricewaterhouseCoopers LLP (collectively, referred to as the "Defendants"), have entered into a settlement of the claims asserted in the class actions consolidated in the above-caption action (the "Action"), the terms of which are set forth in a Stipulation of Settlement dated as of February 29, 2008 (the "Stipulation").

    The Parties have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order to approve the proposed settlement of the Action, in accordance with the Stipulation, for dismissal of the Action and Underlying Actions with prejudice, certification by

the Court of the Class in the Action solely for purposes of settlement, and providing notice to Class Members; and

The Court having read and considered the Stipulation, the proposed Notice of Settlement of Class Action, the proposed Summary Notice of Settlement of Class Action, the proposed Plan of Allocation of Net Settlement Fund, the proposed form of the Proof of Claim and Release, and the proposed forms of Judgment and Orders relating to the Settlement, and finding that substantial and sufficient grounds exist for entering this Order;

**IT IS HEREBY ORDERED:**

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and Notice of Settlement will be controlled by the language of the Stipulation.

2. The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3. Pending final determinations of whether the Settlement should be approved and the Judgment entered, Lead Plaintiff agrees not to either directly, representatively, or in any other capacity, commence or prosecute or cause anyone, including any member of the proposed Class, to commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

**CLASS CERTIFICATION**

4. The Action is conditionally certified for settlement purposes as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all Persons who purchased the common stock or call options of Rambus, or sold put options of Rambus, between December 4, 2001, and July 18, 2006, inclusive and who were damaged thereby. Excluded from the Class are all defendants, members of the immediate family of each Individual Defendant, any entity in which any Defendant has a controlling interest, officers and directors of the Company during the Class Period, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also

excluded from the Class are any Persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5. The Court has determined preliminarily and for the purpose of settlement that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class that, as to the Settlement and all related matters, predominate over any individual questions; (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Class; (d) Lead Plaintiff will fairly and adequately protect and represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**NOTICE**

6. Lead Plaintiff shall cause notice of the proposed Settlement, the hearing on the proposed Settlement, the request for approval of the Plan of Allocation of Net Settlement Fund, and Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses to be provided to Class Members as follows:

a. Within 10 days of the date of this Order, a copy of the Notice of Settlement of Class Action (the "Settlement Notice"), together with a copy of the Proof of Claim and Release form (the "Proof of Claim"), substantially in the form annexed to the Stipulation as Exhibits C and D, respectively, shall be mailed by first class mail, postage prepaid, to all Class Members at the address of each such person as set forth in the records of Rambus or its transfer agent; or who otherwise may be identified through further reasonable effort; and

b. A Summary Notice of Settlement of Class Action (the "Summary Notice") substantially in the form annexed to the Stipulation as Exhibit B shall be published in the national edition of *The Wall Street Journal*.

7. The Court approves the form of Notice of Settlement, Summary Notice (together, the "Notices") and Proof of Claim and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances.

8. The costs of notification to Class Members of the Settlement, including printing, mailing and publication of all required notices, shall be paid out of the Settlement Fund. In accordance with the Stipulation, Lead Counsel may draw up to $100,000 from the Settlement Fund to pay the costs of notice and settlement administration.

9. Five (5) days before the date fixed by this Court for the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Settlement Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order. All papers in support of the Proposed Settlement, including any application by Co-Lead Counsel for the Class for attorneys' fees and expenses and for approval of the Plan of Allocation shall be filed and served at least five (5) business days before the Settlement Hearing.

10. All nominees who hold or held Rambus common stock or options for beneficial owners who are Class Members are directed to forward the Notice and Proof of Claim to such beneficial owners or, in the alternative, to supply the names and addresses of such beneficial owners to the Claims Administrator as set forth in the Notice.

11. Lead Counsel are authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

**HEARING; RIGHT TO BE HEARD**

12. There shall be a hearing (the "Final Approval Hearing") on May 14, 2008 at 9:00 a.m. in the United States District Court for the Northern District of California, United States Courthouse, 280 South 1st Street, San Jose, California 95113 (a) to finally certify the Class as defined herein (b) to determine whether the Settlement of the Action is fair, reasonable, and adequate and in the best interests of the Class and should be finally approved by the Court; (c) to determine whether or not the Final Judgment as provided in the Stipulation should be entered in the Action, *inter alia*, dismissing the Action with prejudice against the Class and all of its individual members and extinguishing and releasing all Released

-4-

Claims as defined in the Stipulation,; (d) to consider the Plan of Allocation for the distribution of the Net Settlement Fund; (e) to consider the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund; and (f) to hear and rule on such other matters as the Court may deem appropriate.

13. The Court reserves the right to adjourn the Final Approval Hearing, including consideration of the application for an award of attorneys' fees, and reimbursement of expenses set forth above, without further.

14. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties to the Stipulation and without further notice to the members of the Class. The Court further reserves the right to enter its Final Judgment as provided in the Stipulation, *inter alia*, dismissing the Action and Underlying Actions with prejudice as to Defendants and the Lead Plaintiff, all members of the Class and each of them, and their respective representatives, trustees, predecessors, successors, parents, subsidiaries, divisions, heirs, and assigns, and order the payment of attorneys' fees and reimbursement of expenses to attorneys for the Class, all without further notice to the Class.

15. At the Final Approval Hearing, any member of the Class who desires to do so may appear personally or by counsel, provided that a notice of appearance is served and filed as hereinafter provided, and show cause, if any,

    (a) why the Settlement should not be approved as fair, reasonable, and in the best interests of the Class;

    (b) why an Order and Final Judgment should not be entered as provided for in the Stipulation, *inter alia*,

        (i) dismissing with prejudice the Action and Underlying Actions and all claims, rights, causes of action, suits, matters and issues, known or unknown, that have been or could have been asserted in the Action or any other action that has or could have been brought in this or any other forum, including the Underlying Actions, by the Lead Plaintiff or by any member of the Class, whether individually or in any other capacity, against any of the Released

Parties, including, but not limited to the Released Claims, except for claims relating to any party's alleged failure to comply with the terms and conditions of the Stipulation, shall be compromised, settled, released and dismissed with prejudice and without costs to either party, except as provided in the Stipulation;

    (ii) permanently barring any institution or prosecution by any Class member, either directly or in any other capacity, of any action asserting any claim, right or cause of action, including Unknown Claims, that has been or could have been asserted in the Action or Underlying Actions;

  (c) why the Court should not approve the Plan of Allocation for the distributions of the Net Settlement Fund; or

  (d) why the Court should not grant an allowance of reasonable fees to the attorneys for the Class for their services and disbursements incurred, to be paid from the Settlement Fund; provided, however, that unless the Court in its discretion otherwise directs, no member of the Class or any other person (excluding a party) shall be heard or shall be entitled to contest any of these matters and no papers, briefs, pleadings, or other documents submitted by any member of the Class or any other person (excluding a party) shall be received and considered, except by Order of the Court for good cause shown, unless, no later than fourteen (14) business days prior to the Final Approval Hearing the following documents are served and filed in the manner provided below:

    (i) a Notice of Intention to Appear;

    (ii) a detailed statement of such person's specific objections to any matter before the Court;

    (iii) proof of membership in the Class; and

    (iv) the grounds for such objections and any reasons why such person desires to appear and be heard, as well as all documents and writings which such person desires the Court to consider. Such documents shall be filed with the Clerk of the Court, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, and served by overnight mail or hand delivery upon the following counsel:

**COUNSEL FOR LEAD PLAINTIFF**

| | |
|---|---|
| Howard T. Longman | Gary S. Graifman |
| Stull, Stull & Brody | Kantrowitz, Goldhamer & Graifman, P.C. |
| 6 East 45th Street | Suite 200, 747 Chestnut Ridge Road |
| New York, NY 10017 | Chestnut Ridge NY 10977-6216 |

**COUNSEL FOR RAMBUS DEFENDANTS**

Boris Feldman
Douglas J. Clark
Ignacio E. Salceda
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304-1050

16. Unless the Court otherwise directs, no member of the Class or other person shall be entitled to object to the Settlement, or to the Final Judgment to be entered herein, or to the Plan of Allocation or to Lead Counsel's application for attorneys' fees and reimbursement of expenses, except by serving and filing written objections as described above. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action.

17. Any Class member who wishes to be excluded from the Class must make such exclusion in writing and include:

    i. name;

    ii. address;

    iii. telephone number; and

    iv. documentation verifying membership in the Class, including all purchases and sales of securities of Rambus during the Class Period.

18. Such request for exclusion must be filed with the Court, served on counsel for the parties as set forth in paragraph 15 above, and mailed by first-class postage pre-paid to the Claims Administrator designated by Lead Counsel no later than fourteen (14) business days prior to the Final Approval Hearing Date.

19. Any Class Member who does not timely and validly request exclusion from the Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable and regardless of whether such Class Member executes and delivers a Proof of Claim.

20. Any Class Member who wishes to participate in the Settlement must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proof of Claim Forms must be completed and submitted no later than ____June 27_____, 2008. Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund.

21. The Court shall consider the Plan of Allocation and the Fee and Expense Application separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application or the Plan of Allocation, or any appeal from any orders relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth therein.

22. Upon the Effective Date, all Released Claims that have been or could have been asserted against the Released Parties in the Action or any other action that has or could have been brought in this or any other forum, including the Underlying Actions, by the Lead Plaintiff or by any member of the Class, as defined herein (except those who validly exclude themselves from the Class), shall be compromised, settled, released and dismissed with prejudice and without costs to any Party, except as otherwise set forth herein.

23. If the Settlement provided for in the Stipulation shall be approved by the Court following the Final Approval Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

24. If the Stipulation is not approved by the Court, is terminated or is voided by the Defendants or Lead Plaintiff in accordance with the Stipulation or shall not become Effective,

-8- 3132999_1

this Action shall proceed, completely without prejudice to any Party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court (except as provided in the Stipulation), and neither the Stipulation nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any party shall be deemed a presumption, concession or admission by any Defendant in the Action of any fault, liability, or wrongdoing as to the facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be offered or received in evidence or otherwise used by any Person in the Action or interpreted, construed, deemed, invoked in any other action or proceeding, whether civil, criminal, or administrative. Certification of the Class for purposes of the Settlement shall not constitute certification of the Class for any other purposes.

25. Neither the Stipulation nor the settlement contained therein, nor any act performed nor document executed pursuant to or in furtherance of the Stipulation or the settlement; (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault of omission of any of the Defendants or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

26. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as funds shall be distributed pursuant to paragraph 24 of the Stipulation, the Plan of Allocation, and/or further order from the Court; provided that it is understood that the funds used for notice and administration,as provided for in the Stipulation shall be non-refundable in the event the Settlement is not approved.

27. The Court hereby retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: Mar 5, 2008

_____
Jeremy Fogel
United States District Judge