**E-filed 5/14/08**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE RAMBUS, INC. SECURITIES LITIGATION, | Master File No.:  C 06-4346 JF (HRL)<br><br>ORDER (1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) APPROVING PLAN OF ALLOCATION; (3) AWARDING ATTORNEYS' FEES AND COSTS ; AND (4) ADDRESSING OBJECTIONS OF WILLIAM AND KATHLEEN MCWHORTER |

[re:  doc. nos. 176, 178, 179 & 180]

On May 14, 2008, Court conducted a hearing with respect to the following motions and objections:  (1) motion of named Plaintiffs and Defendants for final approval of the settlement; (2) motion of named Plaintiffs and Defendants for approval of plan of allocation; (3) motion of class counsel for an award of attorneys' fees and costs; and (4) objections of William and Kathleen McWhorter.  The Court has reviewed the documents filed in connection with these motions and objections and requests and has considered the oral arguments presented at the hearing.  The Court finds and concludes as follows:

(1)	The proposed settlement is "fundamentally fair, adequate and reasonable" as is required under Fed. R. Civ. P. 23(e) and applicable Ninth Circuit authority.  *See Mego Financial Corp. Sec.* Litig., 213 F.3d 454, 459 (9th Cir. 2000); Officers *for Justice v. Civil Service*

1  *Commission*, 688 F.2d 615, 625 (9th Cir. 1982).  "Assessing a settlement proposal requires a

2  district court to balance a number of factors:  the strength of the plaintiffs' case; the risk,

3  expense, complexity, and likely duration of further litigation; the risk of maintaining a class

4  action status throughout the trial; the amount offered in settlement; the extent of discovery

5  completed and the stage of the proceedings; the experience and views of counsel; . . . and the

6  reaction of the class members to the proposed settlement."  *Mego Financial*, 213 F.3d at 458.

7  The district court also must satisfy itself that the settlement is not be the product of collusion

8  among the negotiating parties.  *Id*.

9         In this instance, the Court cannot assess the strength of Plaintiffs' case with any degree of

10  certainty, because the complaint was not tested by motion during the litigation.[1]  Plaintiffs

11  represent that they have every confidence that they would have defeated a motion to dismiss.

12  However, given the discovery restrictions applicable to securities fraud litigation, and the

13  rigorous pleading standards applicable to such cases, Plaintiffs faced significant risks of defeat

14  or, at the least, protracted litigation, had they not reached settlement.  The settlement was

15  negotiated at arms length by experienced counsel.  The $18,000,000[2] settlement provides the

16  class with a greater recovery than many other class actions involving securities backdating.  *See*

17  Motion, p. 9 (collecting cases).  The proposed plan of allocation provides for cash recoveries for

18  class members; in the event that money remains in the fund after all claims have been processed,

19  those monies will be distributed to class members rather than reverting to defendants.  Only one

20  objection has been received, which is addressed below.

21         (2)     The plan of allocation of the settlement proceeds appears to be fair, reasonable

22  and adequate as required by applicable authority.  *See Class Plaintiffs v. Seattle*, 955 F.2d 1268,

23  1284-85 (9th Cir. 1992).  The Recognized Loss formula is based upon reasoned distinctions

24  between the three categories of securities, and also takes into account the three separate

25

26         [1] Defendants filed motions to dismiss, but the hearing on those motions was continued
    several times and ultimately vacated in light of the parties' settlement negotiations.

27

28         [2] The settlement fund actually consists of $18,000,000 plus interest accrued from March
    6, 2008.

2

1  corrective disclosures dated May 29, 2006, June 27, 2006 and July 18, 2006.

2  (3)  Class counsel seeks a fee award of 25% of the settlement fund, as well as

3  reimbursement of litigation expenses in the amount of $282,788.49.  The expenses are well-

4  documented in the declarations of counsel and are of the type that typically would be billed to

5  paying clients. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

6  With respect to the fees, the Court concludes that the "reasonable percentage" method

7  appropriately may be applied.  The Ninth Circuit has held that under the reasonable percentage

8  method, 25% of the common fund is the "benchmark" award. *Paul, Johnson, Alston & Hunt v.*

9  *Graulty*, 886 F.2d 268, 272-73 (9th Cir. 1989).  Counsel provides citations to ninety-four district

10 court decisions awarding 25% or more in securities class actions.  Turning to the specific facts in

11 this case:  the settlement achieved is favorable to the class, and is for a significantly greater dollar

12 amount than many other settlements in backdating cases;  counsel took on the burden of the

13 contingent fee arrangement and fronted all the litigation expenses; a 25% award reflects the

14 market rate in similar complex, contingent litigation; and the case would have been difficult and

15 risky to litigate.  Accordingly, the Court will award attorneys' fees in the amount of 25% of the

16 settlement fund, as well as litigation expenses in the amount of $282,788.49.

17 (4)  From 169,514 notices sent to potential class members, only one objection has

18 been received, that of William and Kathleen McWhorter.  However, the McWhorters in fact do

19 not appear to be class members.  The settlement class is defined to include all persons and

20 entities who "purchased the common stock and/or call options of Rambus, or sold put out options

21 of Rambus, between December 4, 2001 and July 18, 2006, inclusive, and were damaged

22 thereby."  The McWhorters do not represent that they purchased common stock during this

23 period, but instead state that they *sold* common stock during the class period.  Moreover, it

24 appears that the McWhorters sold prior to the first corrective disclosure, which was made on

25 May 30, 2006.  The Plan of Allocation does not provide for any recovery for shares sold prior to

26 that date.  Accordingly, the McWhorters do not appear to have standing to participate in this

27 proceeding.

28 At the hearing, the Court was informed by counsel that the McWhorters have withdrawn

3

1   their objection.  The Court nonetheless raised with counsel the McWhorters' contention that

2   potential class members were not given adequate time to opt out of the class or file objections.

3   The notice was mailed to brokers and other nominees on March 17, 2008.  Beginning on April 7,

4   2008, the Claims Administrator began receiving records containing the names and addresses of

5   potential class members.  The Claims Administrator then began mailing the notice to those

6   individuals and entities on a rolling basis.  The deadline for opting out or submitting objections

7   was April 24, 2008.  Accordingly, even though the notice also was published in *The Wall Street*

8   *Journal* on March 24, 2008, the Court had some question as to whether potential class members

9   received adequate notice.  At the hearing, counsel represented that the McWhorters' objection –

10   since withdrawn – is the *only* objection received before or after the April 24 deadline.  Given that

11   more than 169,000 notices were mailed, the Court takes this fact as a strong indication that none

12   of the potential class members felt that they did not have adequate time to respond.  The Court

13   noted at the hearing that if an objection were to be raised based on this point after the Court

14   grants final approval of the settlement, such objection could be considered by the Court under

15   Federal Rule of Civil Procedure 60.

16         IT IS SO ORDERED.

21   DATED:  May 14, 2008

23                             JEREMY FOGEL
                                United States District Judge

Case No. C 06-4346 JF (HRL)
ORDER (1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ETC.
(JFLC2)

This Order has been served upon the following persons:

Mary E. Alexander malexander@maryalexanderlaw.com

Patrice L. Bishop service@ssbla.com

Michael L. Braunstein mbraunstein@kgglaw.com

Timothy J. Burke service@ssbla.com

Justin S. Chang jchang@shearman.com, rcheatham@shearman.com

Douglas John Clark dclark@wsgr.com

Jeffrey S. Facter jfacter@shearman.com, jae.ko@shearman.com, rcheatham@shearman.com

William B. Federman wfederman@aol.com, law@federmanlaw.com, ngb@federmanlaw.com

Boris Feldman boris.feldman@wsgr.com, ncarvalho@wsgr.com

Anthony I. Fenwick anthony.fenwick@dpw.com, angela.quach@dpw.com, cdoyle@dpw.com

Donald P. Gagliardi dgagliardi@be-law.com, emtofelogo@be-law.com, gsimmons@be-law.com

Martin N. Gelfand mgelfand@irell.com

Michael M. Goldberg info@glancylaw.com

Gary S. Graifman ggraifman@kgglaw.com

Erin Jane Holland eholland@foley.com

John Charles Hueston jhueston@irell.com

Frank James Johnson frankj@johnsonbottini.com, brett@johnsonbottini.com, frankb@johnsonbottini.com, trisha@johnsonbottini.com

Willem F. Jonckheer wjonckheer@schubert-reed.com

Alexander Louis Karpman akarpman@irell.com

Garland Aycuff Kelley GKelley@irell.com

Felix Shih-Young Lee flee@fenwick.com

5

Howard Theodore Longman tsvi@aol.com

Susan Samuels Muck smuck@fenwick.com, cgalvin@fenwick.com

Juan Carlos Orellana corellana@fenwick.com, bwalrod@fenwick.com, DocketCalendarRequests@fenwick.com

Jay L. Pomerantz jpomerantz@fenwick.com, slim@fenwick.com

Darryl Paul Rains drains@mofo.com, dgillis@mofo.com

Ignacio Evaristo Salceda isalceda@wsgr.com, rlustan@wsgr.com

David Siegel dsiegel@irell.com

Jay Edward Smith js@gslaw.org, jlawton@gslaw.org

Dennis Stewart dstewart@hulettharper.com, office@hulettharper.com

Cheryl Thomae Viirand cheryl.viirand@dpw.com, ecf.ct.papers@dpw.com, richard.cooper@dpw.com, susan.lee@dpw.com

Namita Wahi namita.wahi@dpw.com, catherine.stevenson@dpw.com

James H.R. Windels james.windels@dpw.com

Stephanie Laura Zeller szeller@mofo.com, llontayao@mofo.com

Jill R. Zimmerman jill.zimmerman@dpw.com, brooke.russakoff@dpw.com, nanci.salyer@dpw.com


Daniel Scott Brown

Law Office of Daniel Brown

131 Lawnview Circle

Danville, CA 94526-5107

William K. Langfan Trust

Three Embarcadero Center

Suite 1650

San Francisco, CA 94111