**E-filed 5/14/08**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RAMBUS INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>    All Actions | ) ) ) ) ) ) ) ) ) |

MASTER FILE NO.: C-06-4346 JF

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

A hearing having been held on May 14, 2008, before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement, dated March 4, 2008 (the "Stipulation"), between Lead Plaintiff ("Lead Plaintiff"), on behalf of himself and each of the Class Members, and Defendants Rambus Inc., Harold Hughes, Mark Horowitz, P. Michael Farmwald, Kevin Kennedy, William H. Davidow, Bruce Dunlevie, Charles Geschke, John D. Danforth, David Mooring, Geoff Tate, Robert K. Eulau and PricewaterhouseCoopers LLP (collectively, "Defendants"), by and through their respective counsel of record, which is incorporated herein by reference, are fair, reasonable and adequate for the settlement of all claims asserted by the Class Members against the Defendants in the Complaints now pending before this Court under the above caption; (2) whether a class should be certified; and (3) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants, and the Released Claims should be released in favor of the

Final Judgment.DOC

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. C-06-4346 JF

1   Released Parties, as against all Persons who are Class Members and who have not requested

2   exclusion therefrom;

3        It appearing that a notice of the hearing substantially in the form approved by the Court

4   was mailed to all Class Members reasonably identifiable;

5        It appearing that a summary notice of the hearing substantially in the form approved by

6   the Court was published in <u>The Wall Street Journal</u>, pursuant to the specifications of the Court;

7        It appearing that due notice of the Final Approval Hearing was given in accordance with

8   the Preliminary Approval Order entered by the Court on March 12, 2008 ("Preliminary Approval

9   Order"); the respective parties having appeared by their attorneys of record; the Court having

10  heard and considered evidence in support of the proposed Settlement (as defined in the

11  Stipulation); the attorneys for the respective parties having been heard; an opportunity having

12  been given to all other persons requesting to be heard in accordance with the Preliminary

13  Approval Order; the Court having determined that Notice to the Class (as defined below)

14  certified in the Action pursuant to the Preliminary Approval Order was adequate and sufficient;

15  and the Settlement having been heard and considered by the Court; and

16       The Court, having considered all matters submitted to it at the hearing and otherwise

17  having determined the fairness and reasonableness of the proposed Settlement of the claims of

18  the Class Members against the Defendants.

19       **NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

20       1.      This Final Judgment and Order incorporates by reference the definitions in the

21  Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the

22  Stipulation.

23       2.      This Court has jurisdiction over the subject matter of the Action and underlying

24  Actions and over all parties to the Action and Underlying Actions, including all Members of the

25  Class.

26       3.      Each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has

27  been satisfied and the Action has been properly maintained according to the provisions of

28  Rule 23(b) of the Federal Rules of Civil Procedure.  Specifically, based on the record in the

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. C-06-4346 JF

1     Action, this Court expressly and conclusively finds and orders that (a) the Class as defined in the

2     Preliminary Approval Order is so numerous that joinder of all members is impracticable, (b)

3     there are questions of law and fact common to the Class, (c) the claims or defenses of Lead

4     Plaintiff are typical of the claims or defenses of the Class, and (d) the Lead Plaintiff will fairly

5     and adequately protect and represent the interests of the Class.  Moreover, the Court finds that

6     the questions of law or fact common to the members of the Class predominate over any questions

7     affecting only individual members, and that a class action is superior to other available methods

8     for the fair and efficient adjudication of the controversy.  The Action is hereby certified as a class

9     action, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of

10     a class of all persons who purchased the securities of Rambus, or sold put options of Rambus,

11     between December 4, 2001, and July 18, 2006, inclusive and who were damaged thereby.

12     Excluded from the Class are all Defendants, members of the immediate family of each Individual

13     Defendant, any entity in which any Defendant has a controlling interest, officers and directors of

14     the Company during the Class Period, and the legal representatives, heirs, predecessors,

15     successors and assigns of any such excluded party.  Also excluded from the Class are all the

16     persons and entities listed on Exhibit 1 attached hereto, each of whom timely filed a valid request

17     for exclusion from the Class.

18         4.       The Court hereby finds that the Notice described herein provided the best notice

19     practicable under the circumstances.  Said Notice provided due and adequate notice of these

20     proceedings and the matters set forth herein, including the Settlement and the Plan of Allocation,

21     to all persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23

22     of the Federal Rules of Civil Procedure and the requirements of due process.  Due and adequate

23     notice of the proceedings has been given to the Class Members, and a full opportunity has been

24     offered to the Class Members to object to the proposed Settlement and to participate in the

25     hearing thereon.  Due and adequate notice of the Action was also given to members of the Class

26     pursuant to the Preliminary Approval Order dated March 12, 2008, which provided, *inter alia,* for

27     the Notice of Proposed Settlement to be mailed to all members of the Class who could

28     reasonably be identified, and the Court finds that such Notice of Proposed Settlement offered to

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. C-06-4346 JF

1    members of the Class the opportunity to request to be excluded from the Class, if done so timely

2    and properly.  Thus, it is hereby determined that all members of the Class who did not elect to

3    exclude themselves by written communication postmarked or delivered on or before April 24,

4    2008, as required in the Notice of Proposed Settlement and the Preliminary Approval Order are

5    bound by this Judgment.

6        5.      The adequacy of representation by Lead Plaintiff is hereby determined to be

7    consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process,

8    and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

9        6.      The Settlement is approved as fair, reasonable and adequate, and in the best

10   interests of the Class Members.  The Stipulation and Settlement are hereby finally approved in

11   all respects and the Parties to the Settlement are directed to consummate the Settlement in

12   accordance with the terms and provisions of the Stipulation.

13       7.      The Complaint is hereby dismissed without costs and with prejudice in full and

14   final discharge of any and all claims which were or could have been asserted in the Action, as

15   against all Defendants.

16       8.      The Court finds that during the course of the Action, the Lead Plaintiff, the

17   Defendants and their respective counsel have at all times complied with the requirements of Rule

18   11 of the Federal Rules of Civil Procedure.

19       9.      Class Members, the successors and assigns of any of them, and anyone claiming

20   through or on behalf of any of them, are hereby permanently barred and enjoined from

21   instituting, commencing or prosecuting, either directly or in any other capacity, any Released

22   Claims against any of the Released Parties.

23       10.     The Released Claims are hereby ordered as compromised, settled, released,

24   discharged and dismissed as to each of the Released Parties on the merits and with prejudice by

25   virtue of the proceedings herein and this Judgment.

26       11.     The Released Parties are hereby permanently barred and enjoined from

27   instituting, commencing or prosecuting, either directly or in any other capacity, any claim arising

28

Final Judgment.DOC

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. C-06-4346 JF

out of the institution, prosecution or settlement of the Action against the Lead Plaintiff, Class Members or their attorneys, except claims relating to the enforcement of the Settlement.

12.     Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Complaint, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

(b)     Offered or received in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; or

(c)     Construed as a concession or an admission that the Lead Plaintiff or the Class Members have suffered any damage; or

(d)     Construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class Members, or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.     However, the Defendants and/or the Released Parties may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment for or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

-5-

14.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

(a)     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the motions for approval of: Lead Plaintiff's Plan of Allocation; and Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses. However, Rambus shall have no obligation to make any payment into the Escrow Account except as specifically provided in the Stipulation, and there shall be no distribution of any of the Settlement Amount to any Class Member until a plan of allocation is finally approved and is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settlement Amount or any portion thereof or interest thereon, if previously paid by Rambus, shall be returned in full to Rambus, except for such amounts as provided for in the Stipulation.

16.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: 5/14/08

_____
Jeremy Fogel
United States District Court Judge

Final Judgment.DOC

[PROPOSED] FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE
CASE NO. C-06-4346 JF