1  Timothy J. Burke (181866)
   service@ssbla.com
2  STULL, STULL & BRODY
   10940 Wilshire Boulevard
3  Suite 2300
   Los Angeles, CA  90024
4  Tel:    (310) 209-2468
   Fax:    (310) 209-2087
5
   Howard T. Longman (Admitted *Pro Hac Vice*)
6  tsvi@aol.com
   STULL, STULL & BRODY
7  6 East 45th Street
   New York, NY 10017
8  Tel:    (212) 687-7230
   Fax:    (212) 490-2022
9
   Gary S. Graifman (Admitted *Pro Hac Vice*)
10 ggraifman@kgglaw.com
   KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
11 210 Summit Avenue
   Montvale, NJ  07645
12 Tel:    (201) 391-7000
   Fax:    (201) 307-1088
13
   Co-Lead Counsel for Plaintiffs
14

15

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| IN RE RAMBUS, INC. SECURITIES LITIGATION | Master File No. C06-4346 JF |
| | **CLASS ACTION** |
| This Document Relates To: | **LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING PAYMENT OF FEES AND EXPENSES TO CLAIMS ADMINISTRATOR AND DISBURSEMENT OF NET SETTLEMENT FUND TO CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ALL ACTIONS. | |
| | DATE:     April 30, 2010<br>TIME:     9:00 a.m.<br>CTRM:   3, 5th Floor<br>JUDGE:  Hon. Jeremy Fogel |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that Lead Plaintiff for the Class by his counsel hereby submits the within Motion for hearing on April 30, 2010 at 9:00 a.m. before the Hon. Jeremy Fogel, United States District Judge for the Northern District of California, in Courtroom 3, Fifth Floor, at the United States District Courthouse, located at 280 South First Street, San Jose, California, 95113, for an Order: (i) approving the administrative determination of Berdon Claims Administration LLC ("Berdon"), accepting and rejecting claims submitted herein; (ii) directing payment of $1,038,167.24 out of the Settlement Fund to Berdon for the payment of its fees and unreimbursed expenses in connection with the administration of the Settlement; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; (v) authorizing and directing a re-distribution of any monies remaining in the Net Settlement Fund by reason of returned or uncashed checks or otherwise, if any such money remains one year after the initial distribution, and after appropriate efforts have been made to locate and distribute funds to Authorized Claimants who did not cash their distribution checks, with such remainder to be allocated to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution, based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution if economically feasible.  If after six months thereafter or after such re-distribution, any funds remain in the Net Settlement Fund, then such balance shall be contributed to not-for-profit, 501(c)(3) organization(s) designated by Plaintiff's Co-Lead Counsel without further order of this Court; and (vi) for such other and further relief as this Court deems appropriate.

This Application has been filed pursuant to Rule 23 of the Federal Rules of Civil Procedure and is based on the accompanying supporting memorandum of points and authorities and the Declaration of Michael Rosenbaum of Berdon Claims Administration LLC.  A proposed form of order is also submitted concurrently herewith.

1

# MEMORANDUM

## I. INTRODUCTION[1]

Lead Plaintiff respectfully submits this application for an order disbursing the net settlement fund to authorized claimants.

This is a securities fraud class action on behalf of all persons (the "Class") who purchased or otherwise acquired the securities of Rambus, Inc. ("Rambus" or the "Company") between December 4, 2001 and July 18, 2006 inclusive (the "Class Period").[2] The litigation alleged violations by Rambus and certain of its officers and directors for violations of §§10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b), 78(n) and 78t(a), Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5 and Securities and Exchange Commission Rule 14a-9 promulgated thereunder (the "Litigation"). In particular, plaintiffs alleged that defendants backdated the Company's stock option grants to enrich themselves in an undisclosed and inherently deceptive manner. This alleged manipulation caused the Company's financial statements, namely the quarterly reports on Form 10-Q, annual reports on Form 10-K and Proxy Statements signed by the Individual Defendants, to be false and misleading and resulted in the Company's stock price becoming artificially inflated throughout the Class Period.

The Litigation was settled as to all Defendants. Under the terms of the Settlement, a "Settlement Fund" was created for the benefit of the settlement Class members consisting of $18,000,000.00 in cash, plus interest. The settlement was approved by this Court by a Final Judgment and Order of Dismissal with Prejudice filed May 14, 2008. Lead Plaintiff now seeks to

---

[1] This Application incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation").

[2] Excluded from the Settlement Class are Defendants, any present or former officers and directors of Rambus and/or any of its subsidiaries, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or have had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

2

MTN & MPA FOR AN ORDER AUTHORIZING PAYMENT OF FEES & EXPENSES TO CLAIMS
ADMINISTRATOR & DISBURSEMENT OF NET SETTLEMENT FUND TO CLAIMANTS    CASE NO. C06-04346 JF
Z:\STULL\RAMBUS2\PLD\Class Distribution\HL Edits Mtn & MPA for Order for Distribution.wpd

1  distribute the Net Settlement Fund, as defined below, to members of the Class who have submitted
2  valid claims (the "Settlement Class").

## II. AMOUNTS PREVIOUSLY DEDUCTED FROM THE GROSS SETTLEMENT FUND

By order dated May 14, 2008, this Court approved attorneys' fees and out-of-pocket litigation costs in the amount of $4,866,116.74. In addition, in accordance with Stipulation, $352,557.06 has been paid out of the Settlement Fund consisting of $100,000 paid initially into a notice and administration fund and an additional $252, 557.06 all for administrative and notice costs. $100,000 was also paid from the Settlement Fund for taxes in connection with interest earned on the fund. *See* Exhibit "H" to the Declaration of Michael Rosenbaum in Support of Application for an Order Authorizing Distribution of Net Settlement Fund ("Rosenbaum Declaration") filed concurrently herewith. The amount remaining after payment of attorneys' fees and costs in the Settlement Fund has been, and remains, invested in a federal treasury interest-bearing account since its transfer to the Escrow Agent. As of February 4, 2010, this account had a balance of $13,127,412.67.

## III. FEES AND EXPENSES OF THE CLAIMS ADMINISTRATOR TO BE PAID FROM THE NET SETTLEMENT FUND

The claims administrator for the Settlement, Berdon LLP ("Berdon" or the "Claims Administrator"), has an outstanding balance due of $988,105.00 in fees and $50,062.24 in unreimbursed expenses, for a total of $1,038,167.24, in connection with claims administration and the preparation of any tax returns for the Settlement Fund. *See* Exhibit "H" to the Declaration of Michael Rosenbaum ("Rosenbaum Declaration"), filed herewith. Of course, the amount of work that the claims administrator performs is not dependent on the size of the settlement, but on the complexity of the claims process and number of claimants. In the present case, the inclusion of options traders in the settlement class raised the level of complexity in analyzing claims significantly. Furthermore, there was an unusual number of claims because of the very long class period (December 4, 2001 to July 18, 2006, inclusive) and the extremely high trading volume of Rambus stock.

3

**MTN & MPA FOR AN ORDER AUTHORIZING PAYMENT OF FEES & EXPENSES TO CLAIMS ADMINISTRATOR & DISBURSEMENT OF NET SETTLEMENT FUND TO CLAIMANTS**      **CASE NO. C06-04346 JF**
Z:\STULL\RAMBUS2\PLD\Class Distribution\HL Edits Mtn & MPA for Order for Distribution.wpd

1       The fees arise from the Claims Administrator's following responsibilities: (a) the creation of
2 databases; (b) mailing services, printing labels, consolidating files and generating lists of potential
3 Settlement Class Members for the initial mailing; (c) processing claims; (d) conducting bank and
4 broker solicitations for beneficial holders of Rambus securities; (e) managing the distribution of
5 Notices to broker, banks and beneficial holders on request; (f) telephone assistance to claimants; (g)
6 calculating the Claims for ultimate distribution to Authorized Claimants; and (h) preparing income
7 tax returns. *See* Exhibit H, Rosenbaum Declaration.

8       The Claims Administrator's outstanding expenses arise from its efforts to timely and
9 adequately prepare and provide for distribution to the Settlement Class. These out-of-pocket
10 expenses include the costs of printing and mailing, as well as estimated future costs for the mailing
11 of settlement checks. *Id*.

12 **IV. DISTRIBUTION OF THE NET SETTLEMENT FUND**

13       Lead Plaintiff respectfully requests that the Court authorize payment to the claims
14 administrator for fees incurred by them and for unpaid expenses and distribution of the Net
15 Settlement Fund to Class Members claimants whose claims have been accepted, on a pro rata basis.
16 Moreover, the report of the Claims Administrator (*i.e.*, the "Rosenbaum Declaration") chronicles all
17 of the necessary information to effectuate the distribution of the Net Settlement Fund.

18       For example: (1) Schedule 1 to the Rosenbaum Declaration includes a summary of the
19 Claims Administration Process as of February 4, 2010. The declaration notes that 11,153
20 (including 701 claims received after the filing deadline which the Rosenbaum Declaration requests
21 be allowed) properly documented claims were received (Rosenbaum Declaration, Paragraph 9(a)
22 and Exhibit "C" to the Rosenbaum Declaration); and 334 claims were received which had
23 inadequately or completely undocumented claims with trading activity which could not be verified
24 yet, but which documentation is still sought and, therefore, the Claims Administrator is requesting
25 the right to continue to process those claims if the claimants can cure the defect prior to distribution
26 (Rosenbaum Declaration, Paragraph 9(b) and Exhibit "D" to Rosenbaum Declaration); and 3,406
27 Ineligible Claims which have been rejected (Rosenbaum Declaration, Paragraph 9 (c) and Exhibit
28 "E" to Rosenbaum Declaration); (2) Exhibit "A" to the Rosenbaum Declaration includes copies of:

4

**MTN & MPA FOR AN ORDER AUTHORIZING PAYMENT OF FEES & EXPENSES TO CLAIMS
ADMINISTRATOR & DISBURSEMENT OF NET SETTLEMENT FUND TO CLAIMANTS**     <u>**CASE NO. C06-04346 JF**</u>
Z:\STULL\RAMBUS2\PLD\Class Distribution\HL Edits Mtn & MPA for Order for Distribution.wpd

1  (i) a sample "MISSING DOCUMENTATION LETTER" sent to those claimants who the Claims
2  Administrator has identified as having been deficient for any one of the reasons identified in this
3  sample letter; (ii) a "RELEASE" form; and (iii) a sample "NO INFORMATION LETTER" sent to
4  those claimants who the Claims Administrator had identified as having been deficient for any one
5  of the reasons identified in this sample letter; (3) Exhibit "B" to the Rosenbaum Declaration
6  includes copies of FINAL NOTICE letters which were sent to Settlement Class Members as
7  necessary; (4) Exhibit "C" to the Rosenbaum Declaration is a compilation of "SUMMARY LOSS
8  CALCULATIONS FOR PROPERLY DOCUMENTED CLAIMS."  Exhibit "C" identifies a total of
9  11,153 different claims that have been allowed for a total allowed loss of $161,920,409.06; (5)
10 similarly, Exhibit "D" to the Rosenbaum Declaration is a compilation of "SUMMARY LOSS
11 CALCULATIONS FOR DEFICIENT CLAIMS"; (6) Exhibit "E" is an INELIGIBLE REPORT.
12 This report shows a total of 3,406 different claims marked as ineligible because each such claim
13 was a duplicate or not an eligible transaction within the Settlement Class; and (7) Exhibit "F" to the
14 Rosenbaum Declaration includes a "NOT IN CLASS LETTER SAMPLE" and a "DUPLICATE
15 CLAIM LETTER SAMPLE" which are sample letters sent to those Persons who submitted claims
16 that were either duplicates or not within the Settlement Class Period.
17        It is important to note that each of the Claimants who submitted claims which were deemed
18 ineligible or undocumented, has been contacted by the Claims Administrator.  In addition, each of
19 these Claimants has also been informed that the Claims Administrator will recommend that the
20 claim at issue will be rejected.  Rosenbaum Declaration, Paragraph 9(c).
21 //
22 //
23 //

## V. CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court approve and enter the Order submitted herewith.

Dated: March 10, 2010

Timothy J. Burke
STULL, STULL & BRODY

By: _____/s/_____
Timothy J. Burke
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA  90024
Tel:     (310) 209-2468
Fax:     (310) 209-2087

VI.   Howard T. Longman (Admitted *Pro Hac Vice*)
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:     (212) 687-7230
Fax:    (212) 490-2022

Gary S. Graifman (Admitted *Pro Hac Vice)*
KANTROWITZ, GOLDHAMER & GRAIFMAN
210 Summit Avenue
Montvale, NJ  07645
Tel:     (201) 391-7000
Fax:    (201) 307-1088

**Co-Lead Counsel for Plaintiffs**

**MTN & MPA FOR AN ORDER AUTHORIZING PAYMENT OF FEES & EXPENSES TO CLAIMS ADMINISTRATOR & DISBURSEMENT OF NET SETTLEMENT FUND TO CLAIMANTS**     **CASE NO. C06-04346 JF**
Z:\STULL\RAMBUS2\PLD\Class Distribution\HL Edits Mtn & MPA for Order for Distribution.wpd